Ruhland, Appellant, vs. King and others, Respondents.

*September 19—October 28, 1913.*

*Deeds: Condition in restraint of trade: Validity: Public policy.*

A condition in a deed "that the premises hereby conveyed be
used for saloon purposes at all future times when the same
may be legally maintained, and the beer sold therein shall be
beer which has been manufactured by the R. Brewing Com-
pany," being in restraint of trade and not "limited as to time,
space, and extent of trade," is contrary to public policy and
void.

Appeal from a judgment of the circuit court for Juneau
county: James O'Neill, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Grotophorst, Evans
& Thomas,* and oral argument by *Evan A. Evans.*

For the respondents there was a brief by *Bunge & Boss-
hard,* and oral argument by *G. W. Bunge.*

Barnes, J.    This is an action of ejectment brought to en-
force a forfeiture and to recover the title and possession of
certain real estate for condition broken.  The plaintiff is the
president of the Ruhland Brewing Company, a corporation,
and owns practically all of the stock of the company.  Prior
to March, 1910, he owned a lot in the village of Wonewoc, on
which there was a building which had been used as a saloon
for many years.  On March 10th plaintiff conveyed the prop-
erty to one Heuer, which deed contained the following condi-
tion:

"The conveyance is made upon the express condition that
the premises hereby conveyed be used for saloon purposes at
all future times when the same may be legally maintained,
and the beer sold therein shall be beer which has been manu-
factured by the Ruhland Brewing Company.  Upon viola-
tion of such express condition the grantors or their heirs may
declare and enforce a forfeiture."

Heuer conveyed to one Harrison in March, 1911, the deed containing a like condition.   Harrison in turn conveyed to the defendant *King* in April, 1912, and in May, 1912, *King* conveyed a half interest to one *Häy.*   Neither of the two last mentioned deeds contained the condition above quoted or any substitute therefor.   For a considerable length of time before this action was begun the occupants of the building declined to sell beer manufactured by the Ruhland Brewing Company and installed therein the fixtures of another brewing company and handled its beer.

The circuit court held the condition void, because (1) it was repugnant to the grant; (2) it created a perpetuity; (3) it lacked mutuality; (4) it was made for the benefit of a third party; and (5) it created an unlawful restraint of trade.   The court also stated that there were other reasons which led him to the belief that the condition was void, which he did not deem it necessary to enumerate.

This court is of the opinion that the judgment should be affirmed on the fifth ground above enumerated, and expresses no opinion as to whether or not the other grounds specifically set forth above are well taken, and does not wish to be understood as holding that the condition might not be void on grounds that are not specifically stated by the circuit judge or in this opinion.

The condition attempts to give the Ruhland Brewing Company a monopoly for all time to come to sell its beer, without any expressed limitation as to price or quality, to the occupant of the saloon, to the exclusion of all other manufacturers of the article, and to forever preclude the owner from the right to devote the building to any other use than that of a saloon, subject only to the provision that the failure to oper-ate a saloon during such times as it could not be legally maintained should not work a forfeiture.

It must be held that under our former decisions a restriction in perpetuity such as was here attempted is void as being

in restraint of trade. It has been frequently said that such restrictions are void unless "limited as to *time, space, and extent of trade.*" *Tecktonius v. Scott,* 110 Wis. 441, 449, 86 N. W. 672; *Richards v. American D. & S. Co.* 87 Wis. 503, 58 N. W. 787; *My Laundry Co. v. Schmeling,* 129 Wis. 597, 109 N. W. 540; *Eureka L. Co. v. Long,* 146 Wis. 205, 208, 131 N. W. 412. This judicial declaration concerning the public policy of the state is in harmony with our legislative declarations on the same subject, as will be seen by a reference to secs. 1747e and 1791j, Stats.

*By the Court.*—Judgment affirmed.

MARSHALL, J., took no part.